09-4802-cr
USA v. Sanchez (Tacco)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand eleven.

Present:   GUIDO CALABRESI,
           ROBERT D. SACK,
           ROBERT A. KATZMANN,
                     *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

                     - v -                              No. 09-4802-cr

EDWIN SANCHEZ, also know as T, also known as Trix, EDGAR NIEVES, also known as K, JORGE MORALES, also known as G, also known as Fat Georgie, LEONIDAS DEJESUS PEREZ-DOMINGUEZ, also known as Loca, ANTONIO PESANTE, MICHAEL PESANTE, JOSE RODRIGUEZ, also known as Joe Crack, JUSTIN RILEY, LUIS JUSTINIANO, also known as Crazor, MIGUEL NEGRON, also known as Mikey, GREG BENITEZ, GLENDA BLANCO, VICTOR COLON, also known as Junie, MICHAEL JACKSON, also known as Ug, ALAN ROGERS, also known as Shug, RUBEN CARDONA, also known as Chris, also known as Mrs. C, CARLOS CINTRON,

                     *Defendants*,

MARCO TACCO, also known as Soft,

                     *Defendant-Appellant*.

_____

For Defendant-Appellant:                           Robert M. Berke, Bridgeport, CT

For Appellee:                                      Alina P. Reynolds (Sandra S. Glover, *of counsel*), Assistant United States Attorney, *for* David B. Fein, United States Attorney for the District of Connecticut, Bridgeport, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marco Tacco appeals from an October 26, 2009 judgment of the United States District Court for the District of Connecticut (Underhill, *J.*) entered following a plea of guilty to one count of conspiring to possess with intent to distribute in excess of 1000 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

The district court sentenced Tacco principally to 96 months' imprisonment. Tacco contends for the first time on appeal that the district court relied on the government's mistaken estimates of a co-defendant's sentence in determining Tacco's sentence, in violation of his due process rights. "Due process requires (1) that a defendant not be sentenced based on materially false information; (2) that a defendant be given notice and an opportunity to contest the facts upon which the sentencing authority relies in imposing the sentence; and (3) that a defendant not be sentenced based on a material misapprehension of fact." *Torres v. United States*, 140 F.3d 392, 404 (2d Cir. 1998) (internal citations omitted).

Tacco contends that the district court, in crafting his sentence, relied on the government's

mistaken representations as to the sentence imposed on a co-defendant, Jose Rodriguez. At sentencing, the government opined that defense counsel's requested sentence of sixty months' imprisonment was "a low figure," contrasting Tacco's criminal history and high-ranking position in the drug trafficking organization with that of Rodriguez, who was a low-level member without a criminal record. Def. App'x A-14. The government speculated that Rodriguez received "two years or something like that," or perhaps "closer to five years," but also noted that she was "not sure what [Rodriguez] got." *Id.* Despite this uncertainty, the government concluded that while five years might have been "fair" for someone in Rodriguez's position, Tacco's involvement rendered a five-year sentence "too low by several years." *Id.* at A-15. Rodriguez was in actuality sentenced to one year and one day of imprisonment. Based on this record, however, we cannot conclude that the district court was provided with any materially false information, because the government's uncertainty as to Rodriguez's sentence was made clear to the district court.

Moreover, even assuming that this was materially false information, there is nothing in the record to suggest that the district court relied on the government's estimates of Rodriguez's sentence in determining a sentence for Tacco. The district court provided a lengthy explanation for the sentence that it imposed, emphasizing the seriousness of the crime, the need for specific and general deterrence, and the fact that the requested sentence was only one-sixth of the bottom of the Guidelines range of thirty-years-to-life imprisonment. The district court did not ask any questions about Rodriguez's sentence or make reference to Rodriguez in any way after the government's statement about the matter. Accordingly, Tacco has not shown any error.

We have considered all of Tacco's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK